# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Richard Robinson, Matthew Herbert, Andre Holt, David Freeze, Kelly Brown, David Nelson, Ronald Doyle and Richard Holston, individually and on behalf of all others similarly situated, | Case No. 08-CV-05779 (RHK/AJB) |
| Plaintiffs, | **PRELIMINARY APPROVAL ORDER ON CLASS CERTIFICATION AND PROPOSED SETTLEMENT** |
| vs. | |
| The County of Ramsey, | |
| Defendant. | |

_____

The Parties' Joint Motion for Preliminary Class Certification and Preliminary Approval of Proposed Class Action Settlement came before the Court by stipulated submission of the parties. Considering the Parties' Joint Motion for Preliminary Class Certification and Preliminary Approval of Proposed Class Action Settlement, the Joint Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement Agreement, and all the files and records herein, including the representations of counsel, the Court finds that the Proposed Settlement described in the Settlement Agreement, which is hereby made part of this Order of Preliminary Approval, should be preliminarily approved as fair, reasonable, and adequate, free of collusion to the detriment of Class Members, and within the range of possible final judicial approval.

THEREFORE, it is Ordered that:

I. <u>Preliminary Class Certification</u>. . The Parties have agreed, for purposes of settlement and its implementation, that the action may proceed as a class action in accordance with Rule 23(3). This matter is preliminarily certified as a class action under the following class definition:

> Former inmates of the Ramsey County Correctional Facility who were housed in Dorms 100, 200, or 400 or worked in the kitchen and served meals to Dorm 200 inmates between April 17, 2008, and June 9, 2008, and, for any individual who has not been tested in the contact investigation prior to April 30, 2010, who is still living as of April 30, 2010.

II. <u>Preliminary Approval of Proposed Settlement</u>. The settlement proposed in the Settlement Agreement and all Exhibits thereto is preliminarily approved as fair, reasonable, and adequate, free of collusion to the detriment of Class Members, and within the range of possible final judicial approval, subject to the terms of the Settlement Agreement. The Court finds that: (a) the Proposed Settlement resulted from extensive arm's-length negotiations; and (b) the Proposed Settlement evidenced by the Settlement Agreement is sufficient to warrant notice thereof to Class Members as well as a full hearing on the Proposed Settlement.

III. <u>Mailing and Publishing of Settlement Notice</u>. The Court hereby approves the proposed form of Settlement Notice in the form submitted to the Court as Exhibit 1 to the Settlement Agreement. The Parties shall cause the Settlement Notice to be issued via direct mail to all Class Members listed in Exhibit 2 (at the addresses provided in Exhibit 7) to the Settlement Agreement. The Parties shall also cause notice, in a form attached to the Settlement Agreement as Exhibit 3, to be published within 30 days in the Star-Tribune and the St. Paul Pioneer Press. The Parties shall thereafter file with the Court

proof, by affidavit, of the mailing and the publication of the Notice as provided in this Order.

The Court finds that Notice pursuant to this paragraph, i.e., direct mail and publication, is the best notice practicable and is reasonably calculated under the circumstances to apprise the Class Members of their rights with respect to the Proposed Settlement. The Court further finds that such notice meets the requirements of Fed.R.Civ.P. 23 and due process requirements of the State of Minnesota and United States Constitutions as it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice.

IV. <u>Filing of Opt-Outs</u>. The Court hereby approves the Opt-Out Form attached to the Settlement Agreement as Exhibit 5. Individuals who are within the Class as defined in this Order who do not wish to be bound by the terms of settlement in the Settlement Agreement must complete, sign and mail an Opt-Out Form to the claims administrator identified on the Claim Form, postmarked with first class postage prepaid, within 40 days after the date of the published notice. Opt-Out Forms not postmarked on or before the deadline will be rejected. Class Members who do not opt out will be bound by the terms of the Settlement Agreement and the Court's final order regarding the Settlement. Individuals who do opt out will not be bound by the Settlement Agreement and will not participate in any distributions or benefits under the Settlement Agreement.

V. <u>County's Right of Withdrawal</u>. Following the deadline for opting out, the County shall have 21 days in which to decide whether it will confirm its participation in the settlement or withdraw from the settlement. If the County chooses to withdraw, it

must notify Court and Counsel for Class Members of its decision by e-filing no later than the 21st day after the Opt-Out deadline. In the event that the County chooses to withdraw, notice will be sent to all those who were given notice of the Settlement Agreement. In the event that the County confirms its participation in the settlement, the hearings on the fee petition and the final approval shall proceed as scheduled herein.

VI. <u>Fee Petition, Briefing and Final Approval Hearing</u>. Plaintiffs' Counsel's fee petition and any briefs supporting the fee petition or Final Settlement Approval shall be served and filed on or before August 9, 2010, and shall be heard at the Final Approval Hearing on August 17, 2010, at 8:00 a.m. (or on such continued dates as the Court may direct without further notice to Class Members) in U.S. Courthouse, 316 North Robert Street, 100 Federal Building, St. Paul, Minnesota, before the Court.

VII. <u>Final Approval Hearing</u>. A hearing (the "Final Approval Hearing") will be held before this Court at U.S. Courthouse, 316 North Robert Street, 100 Federal Building, St. Paul, Minnesota, on August 17, 2010, at 8:00 a.m. (or on such continued dates as the Court may direct without further notice to Class Members) to consider: (a) the fairness, reasonableness, and adequacy of the Proposed Settlement and the terms and provisions of the Settlement Agreement; (b) to determine whether the Settlement Agreement should be finally approved by the Court; and (c) such other matters as the Court may deem proper and necessary.

VIII. <u>Objections and Appearance at the Final Approval Hearing</u>.

a. Any Class Member may object to the fairness, reasonableness, or adequacy of the Proposed Settlement, the application for attorneys' fees and expenses, or

to the proposed incentive payments to Class Representatives, if the Settlement is approved at the Final Approval Hearing. Class Members may do so either on their own or through an attorney hired at their own expense. Any Class Member who wishes to object to the Proposed Settlement, whether on their own or through an attorney, must file a written objection with the Clerk of Court, 316 North Robert Street, 100 Federal Building, St. Paul, Minnesota, 55101. Any supporting materials, papers, or briefs the objector wishes the Court to consider shall accompany the written statement of objection filed with the Clerk of Court no later than July 26, 2010. Both the written objection and any supporting materials, must also be mailed to Counsel for the Class, and to Counsel for The County, postmarked, with U.S. postage prepaid, no later than July 26, 2010. Any objection not timely made in the manner provided herein shall be forever barred. Any attorney hired by a Class Member, at that Class Member's expense for the purpose of making objections, must file with the Clerk of Court, and serve a notice of appearance no later than July 26, 2010, by delivery to the above described counsel.

    b. <u>Appearance at the Final Approval Hearing</u>. Any Class Member who timely files and serves a written objection in the manner provided above may also appear at the Final Approval Hearing either in person or through counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Proposed Settlement or the application for attorneys' fees and expenses. Class Members or their attorneys intending to appear at the Final Approval Hearing must deliver to Counsel for the Class and Counsel for The County, and file with the Court no later than July 26, 2010, a notice of intention to appear, setting forth: (i) the name and address of the Class

5

Member and, if applicable, the name, address, and telephone number of the Class Member's attorney; (ii) the objection, including any papers in support thereof; and (iii) the name and address of any witness to be presented at the settlement hearing together with a statement as to the matters on which he or she wishes to testify and a summary of the proposed testimony. Any Class Member who does not timely file and serve a notice of intention shall not be permitted to be heard at the Final Approval Hearing except for good cause shown.

## IX. Confidentiality of Certain Exhibits to Settlement Agreement

The Court finds that certain exhibits to the Settlement Agreement contain information that is personal and private. This specific finding applies to Exhibit 7, a list of presumed class members with last known addresses; Exhibit 8, a list of presumed class members in the Subclass for Active TB; Exhibit 9, a list of presumed class members in the Subclass for LTBI; Exhibit 10, a list of presumed class members in the Subclass for Negative Results; and Exhibit 11, a list of presumed class members in the Subclass for Individuals to Be Tested. This information is required as part of the Settlement Agreement in order to document and implement the Settlement Agreement, and so is validly set forth in the noted exhibits. However, no public purpose would be served by making the information public and accordingly the Court directs that the exhibits specified in this paragraph shall remain under seal and shall not be made public. Counsel for the parties may reveal to any individual named in any of the exhibits the information pertaining to that individual, but shall not reveal such information to other persons.

BY THE COURT:

Dated: May 21, 2010

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge
District of Minnesota